# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00127-MR-DLH

| | |
|---|---|
| **KRISTA SHALDA,** | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| **SSC WAYNESVILLE OPERATING COMPANY, LLC, d/b/a BRIAN CENTER HEALTH AND REHAB,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand to State Court. [Doc. 5]. The Defendant opposes the Plaintiff's Motion. [Doc. 7].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2018, the Plaintiff filed this action in the Buncombe County General Court of Justice, Superior Court Division, against her former employer, asserting claims for unlawful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress under North Carolina law. [Doc. 1-1]. In her Complaint, the Plaintiff requests damages "in excess of $25,000 sufficient to compensate the Plaintiff for her monetary damages" as well as "an amount in excess of $25,000 to compensate the

Plaintiff for all emotional and mental distress suffered by her." [Id. at 12]. The Complaint does not specifically demand an amount in excess of $75,000. [See id.].

The Defendant was served with process on January 29, 2018. [Doc. 1-4 at 17]. The Defendant, however, failed to answer or otherwise appear within 30 days of the service of the Summons and Complaint. Accordingly, the Clerk of Court for the Buncombe County Superior Court entered default as to the Defendant on March 1, 2018. [Doc. 1-4 at 27]. On March 7, 2018 the Defendant filed a Motion for Leave to File its Answer to the Complaint and a Motion to Set Aside the Entry of Default. [Doc. 1-4 at 32-52]. The Defendant's Answer was filed on March 8, 2018. [Doc. 1-4 at 53-62]. On March 22, 2018, the plaintiff filed a Motion for Default Judgment. [Doc. 1-4 at 65-67].

Following a hearing on April 3, 2018, the Superior Court orally granted the Defendant's Motion to Set Aside the Entry of Default and denied the Plaintiff's Motion for a Default Judgment.[1] The next day, April 4, 2018, the Defendant submitted a single request for admission to the Plaintiff, asking her to admit that she would not seek more than $74,999.00 in damages in

---

[1] As of the date of the filing of the Plaintiff's Motion to Remand, a written order had not been received by the parties nor entered by the state court.

the state court action. [Doc. 1-3]. On May 7, 2018, the Plaintiff denied the request, indicating that she would seek more than the jurisdictional amount necessary for diversity jurisdiction. [Id.]. The Defendant received the Plaintiff's Response on May 10, and on May 11, 2018, the Defendant filed a Notice of Removal in this Court, based on the existence of diversity jurisdiction.[2] [Doc. 1].

## II. DISCUSSION

A defendant may remove a civil action from state court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of civil actions between citizens of different states, where the amount in controversy exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Since removal jurisdiction is not favored, the Court must "construe it strictly in light of the

---

[2] The parties do not dispute that complete diversity of citizenship exists between the parties. According to the Complaint, the Plaintiff is a citizen and resident of North Carolina. [Doc. 1-1]. According to the Notice of Removal, the Defendant SSC Waynesville is a limited liability company formed under the laws of the state of Delaware. The sole member of SSC Waynesville Operating Company LLC is SSC Special Holdings, LLC, a Delaware limited liability company. The sole member of SSC Special Holdings, LLC is Special Holdings Parent Holdco, LLC, a Delaware Limited Liability Company. The sole member of Special Holdings Parent Holdco, LLC is SavaSeniorCare, LLC, a Delaware limited liability company. The sole member of SavaSeniorCare, LLC, is Proto Equity Holdings, LLC, a Delaware limited liability company. The sole member of Proto Equity Holdings, LLC, is Terpax, Inc. Terpax, Inc. is a Delaware corporation with its principal place of business in Cleveland, Tennessee. Thus, SSC Waynesville is a resident of Delaware and Tennessee. [Doc. 1 at 2].

3

federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, a notice of removal of a civil action must be filed within thirty days of receipt by the defendant of the initial pleading. See 28 U.S.C. § 1446(b)(2). If, however, the grounds for removal are not ascertainable from the initial pleading, the defendant has thirty days from "receipt . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," as long as no more than one year has passed from the date of the initial pleading in a diversity case. 28 U.S.C. §§ 1446(b)(3), (c).

The Court is not required to investigate the defendant's subjective knowledge regarding the discovery of grounds for removal, as such a determination "could degenerate into a mini-trial regarding who knew what and when." Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Instead, the Court "can rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when defendant had notice of grounds for removal, requiring that those grounds

4

be apparent within the four corners of the initial pleading *or other subsequent paper."* Id. (emphasis added).

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009). In North Carolina, however, "a plaintiff can plead for judgment in excess of a certain dollar amount, . . . making it difficult to determine the exact amount in controversy" from the initial pleading. Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (June 10, 2003). Such is the case here where the Plaintiff, in accord with the ordinary practice in North Carolina state courts, merely alleges that her damages are in excess of $50,000.00.

The Plaintiff asserts that the Defendant had knowledge of the fact that the amount in controversy exceeded $75,000.00 prior to the litigation even being filed. In so arguing, the Plaintiff relies on the Plaintiff's written demand letter which the Defendant received on or about August 31, 2017. This letter states, in pertinent part, as follows:

> This event has ended not just Ms. Shalda's long prepared for career as a Registered Nurse, but her ability to ever again effectively support herself and her child through gainful employment.

5

> Ms. Shalda is 36 years old. A conservative estimate of her actual loss of income over her expected remaining working life, based on her likely income as a Registered Nurse over that period and what she will now receive in Disability payments for that same period, is in excess of $1.5 million.
>
> In addition, we are confident that there is competent evidence to show that she has suffered and <u>will continue to suffer</u> severe mental anguish from these actions and their consequences.
>
> Finally, given the high level of actual damages that are likely to be awarded if the Brian Center is found liable in this case, once a jury hears all of the facts of this case there is also a high likelihood of substantial putative [sic] damages being assessed against your Company pursuant to N.C. Gen. Stat. § 1D-1 *et seq....*

[Doc. 8-1 at 5 (emphasis in original)]. Finally, the letter states that absent a pre-suit resolution the Plaintiff planned to bring a lawsuit against the Defendant and that the "suit will seek damages for loss of income, mental and emotional harm and putative [sic] damages." [<u>Id.</u> at 5].

The Plaintiff's pre-litigation letter does not constitute an "other paper" providing notice within the meaning of 28 U.S.C. § 1446(b). <u>See</u> <u>Paros Props. LLC v. Colorado Cas. Ins. Co.</u>, 835 F.3d 1264, 1272 (10th Cir. 2016); <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 164 (5th Cir. 1992); <u>see also</u> <u>Saberton v. Sears Roebuck and Co.</u>, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005); <u>see also</u> <u>Jade East Towers Developers v. Nationwide Mut. Ins. Co.</u>,

6

936 F. Supp. 890, 891-92 (N.D. Fla. 1996). To hold otherwise would be to engage in the unnecessary analysis regarding the Defendant's subjective knowledge that the Fourth Circuit has explicitly discouraged. See Lovern, 121 F.3d at 162.

The Plaintiff's pre-litigation demand letter was not referenced in any way in her Complaint or in any subsequent papers. [See Doc. 1-1]. Indeed, it was not until May 10, 2018, when the Plaintiff provided a response to the Defendant's Request for Admission indicating that she would be seeking damages in an amount greater than $75,000.00, that the Defendant had sufficient record information to ascertain that the case was removable to this Court. Such a response to a request for admission qualifies as an "other paper." See, e.g., Lee Elec. Constr., Inc., 2003 WL 21369256, at *3 (finding that response to a "Request for Statement of Monetary Relief" constituted "other paper" triggering 30-day window for removal). The Defendant's Notice of Removal, which was filed only one day after it received this response, was therefore timely.

## III. CONCLUSION

Upon careful consideration of the arguments of both parties in this case, the Court concludes that the Defendant removed this case in a timely manner well within the thirty-day allowance period from when the Defendant

first received notice of the grounds of removal for this case. Accordingly, the Plaintiff's Motion to Remand is denied.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand to State Court [Doc. 5] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 20, 2018

Martin Reidinger
United States District Judge