# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00127-MR-WCM

| | |
|---|---|
| KRISTA SHALDA, ) ) Plaintiff, ) ) vs. ) ) SSC WAYNESVILLE OPERATING ) COMPANY, LLC, d/b/a Brian Center ) Health and Rehab, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Compel Arbitration [Doc. 3].

## I. PROCEDURAL BACKGROUND

The Plaintiff Krista Shalda initiated this action in the Buncombe County General Court of Justice, Superior Court Division, on January 25, 2018, asserting claims for unlawful termination in violation of North Carolina public policy, intentional infliction of emotional distress, and negligent infliction of emotional distress against her former employer, the Defendant SSC Waynesville Operating Company, LLC, d/b/a Brian Center Health and

Rehab. [Doc. 1-1]. On May 11, 2018, the Defendant removed the action to this Court, citing diversity jurisdiction. [Doc. 1].

Upon removing the action, the Defendant filed the present motion to compel arbitration. [Doc. 3]. The Plaintiff filed a response in opposition to the Defendant's motion [Doc. 11], and the Defendant filed a reply [Doc. 12].

Having been fully briefed, this matter is ripe for disposition.

## II. FACTUAL BACKGROUND

The undisputed facts relevant to the present motions are as follows. The Defendant SSC Waynesville is licensed by the State of North Carolina as an adult care home and nursing home facility. The Plaintiff was employed as a registered nurse at SSC Waynesville from November 2015 until March 1, 2018. When the Plaintiff applied for employment at SSC Waynesville, she signed an Employment Dispute Resolution Program Agreement ("Agreement"), which was drafted entirely by SSC Waynesville (referred to in the Agreement as "the Facility").[1] The Agreement states, in pertinent part, as follows:

> The Facility is committed to building positive employee relations, encouraging open communication and respecting the rights and dignity of our employees. We recognize, however, that problems may arise in work relationships. The Employment Dispute Resolution (EDR) Program

---
[1] The Plaintiff signed the Agreement as "Krista Shalda Heath." [Doc. 3-1].

provides a process for resolving employment problems. The EDR Program has four steps: (1) Open Door; (2) Facilitation; (3) Mediation; and (4) Arbitration…. **If you wish to be considered for employment you must read and sign the following agreement binding you to use the EDR Program to resolve disputes….**

I[, Krista Shalda,] recognize that differences may arise between the Facility and me during my application process or employment. I recognize that it is in our mutual best interests that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome and adversarial than litigation in court. **Therefore, both the Facility and I agree to resolve all claims, controversies or disputes relating to my application for employment, my employment and/or termination of employment exclusively through the Employment Dispute Resolution Program**….

**I understand and agree that the last step of the EDR Program is final and binding arbitration by a neutral arbitrator.** I understand and agree that this mutual agreement to use the EDR Program and to arbitrate claims means that **the Facility and I are bound to use the EDR Program as the only means of resolving employment related disputes and to forego any right either may have to a jury trial.** I further understand and agree that if I file a lawsuit regarding a dispute arising out of or relating to my application for employment, my employment or the termination of my employment, the Facility may use this Agreement in support of its request to the court to dismiss the lawsuit and require me to use the EDR Program instead.

[Doc. 3-1] (emphasis added).

The Plaintiff was hired by SSC Waynesville as a result of the aforementioned application. Upon being hired, the Plaintiff also received a copy of the Employee Handbook. [See Doc. 12-1 at 3]. On page 8 of the Employee Handbook, under the heading "Employment Dispute Resolution Program" it states:

> It is the policy of the Company to resolve employee disputes as efficiently as possible and in a manner beneficial to all sides. The Company's Employment Dispute Resolution (EDR) Program provides you with a four step process for resolving your work concerns and, as an employee of the Company, **you must use it as the sole means of dispute resolution. The EDR Program remains effective for the length of your employment and continues in effect should your employment end.** The EDR Program is described In the EDR Program Book and details regarding the Program are discussed in your orientation.

[Doc. 12-1 at 2] (emphasis added). The Plaintiff signed the back page of the Employee Handbook indicating she had received a copy and that she "agreed to abide by the policies of [SSC Waynesville]" as outlined in the Employee Handbook. [See 12-1 at 3].

## III. DISCUSSION

The Federal Arbitration Act ("FAA") provides, in pertinent part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving

> commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted). In keeping with these principles, "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." Id. (internal citations omitted). "In determining whether the dispute at issue is one to be resolved through arbitration, the court must engage in a limited review to ensure that the dispute is arbitrable – i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Mansfield v. Vanderbilt Mortg. and Fin., Inc., 29 F. Supp. 3d 645, 652 (E.D.N.C. 2014) (citation and internal quotation marks omitted). Like the federal courts, North Carolina courts have also recognized a strong public policy favoring arbitration and have held that, where there is any doubt concerning the existence of an arbitration agreement, it should be resolved in favor of arbitration. Martin v. Vance, 133 N.C. App. 116, 120, 514 S.E.2d 306, 309 (1999).

Here, the Arbitration Agreement states that the Plaintiff and the Defendant shall "resolve all claims, controversies or disputes relating to [the Plaintiff's] application for employment, [her] employment and/or termination of employment exclusively through the Employment Dispute Resolution Program." [Doc. 3-1]. Thus, pursuant to this Agreement, the parties expressly agreed to arbitrate all claims arising from the Plaintiff's employment or termination if the first steps of the Employment Dispute Resolution Program did not resolve the issue. The claims asserted by the Plaintiff in the present civil action fall squarely within the scope of the parties' Agreement. Furthermore, it is not disputed that the Plaintiff's employment with the Defendant involves and affects interstate commerce.

The Plaintiff's only argument in opposition to the Defendant's motion is that the arbitration agreement is unenforceable because it is not supported by adequate consideration. [Doc. 11 at 3].

An arbitration agreement is supported by adequate consideration if both the employer and prospective employee agreed by bound by the arbitration process. O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275 (4th Cir. 1997) ("A mutual promise to arbitrate constitutes sufficient consideration for [an] arbitration agreement."); see Martin, 133 N.C. App. at 122, 514 S.E.2d at 310 ("Mutual binding promises provide adequate consideration to support

a contract."). Here, the Defendant agreed to be bound by the same terms in the Agreement -- that is, to arbitrate disputes rather than submit them to a court or jury -- as the Plaintiff did. "This mutual agreement to be bound is sufficient consideration." Starnes v. Conduent Inc., No. 1:17CV495, 2018 WL 3466951, at *7 (M.D.N.C. July 18, 2018). The Plaintiff's argument that the parties' Agreement lacks sufficient consideration to be enforceable is without merit.

In short, the Plaintiff's claims in this case are subject to arbitration. The Plaintiff applied for employment with the Defendant, and the Defendant extended the Plaintiff an offer of employment subject to the condition that she agree to participate in the Defendant's EDR Program, which includes as its final step binding arbitration. The Plaintiff accepted that offer. Thus, a valid agreement to arbitrate exists between the parties. Accordingly, the Defendant's motion to compel arbitration is granted.

"When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, [§ 3 of] the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's terms." Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d

297, 301 (4th Cir. 2002) (internal citation omitted); 9 U.S.C. § 3. Accordingly, the Court will stay this matter pending the parties' arbitration.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel Arbitration [Doc. 3] is **GRANTED**, and the parties are hereby ordered to arbitrate their dispute in accordance with the Employment Dispute Resolution Program Agreement signed by the Plaintiff on November 9, 2015. This matter is hereby **STAYED** pending arbitration in accordance with the parties' Agreement.

**IT IS FURTHER ORDERED** that the parties shall submit a Status Report to the Court every ninety (90) days from the entry of this Order advising of the status of the arbitration.

**IT IS SO ORDERED.**

Signed: January 14, 2019

Martin Reidinger
United States District Judge